IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| THE YELLOW CAB COMPANY, *et al.*, | * | |
| Plaintiffs, | * | |
|  | * | Civil Action No.: RDB-14-2764 |
| v. | * | |
| UBER TECHNOLOGIES, INC., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiffs The Yellow Cab Company, *et al.* ("Plaintiffs")[1] bring this action against Defendants Uber Technologies, Inc. ("Uber"), Mekuria Gebremariam, Dereje Gugsa, and Amde Mesfin (the "Driver Defendants"), alleging violations of Maryland antitrust law. Essentially, Plaintiffs claim that Uber is "dismantling decades of laws and regulations governing the vehicle transportation industry[.]" Compl. ¶ 1, ECF No. 2. Plaintiffs originally filed this action in the Circuit Court for Baltimore City on July 3, 2014. *See* Notice of Removal, ECF No. 1. Defendants timely removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Currently pending are Plaintiffs' Motion to Remand (ECF No. 17)

---

[1] Plaintiffs are: The Yellow Cab Company, Belle Isle Cab Company, Inc., Central Cab Company, Inc., Century Cab Company, Inc., Champion Cab Company, Inc., Choice Cab Company, Inc., Circle Cab Company, Inc., Classic Cab Company, Inc., Coast Cab Company, Inc., Colonial Cab Company, Inc., Cordial Cab Company, Inc., Green Tomato Cars DC, LLC, Safety Cab Company, Inc., Scout Cab Company, Inc., Secure Cab Company, Inc., Select Cab Company, Inc., Sentinel Cab Company, Inc., Serene Cab Company, Inc., Service Cab Company, Inc., Skyline Cab Company, Inc., Sunrise Cab Company, Inc., Superior Cab Company, Inc., Supreme Cab Company, Inc., Tashin Farida, Inc., and Barwood, Inc. (collectively, the "Plaintiff Cab Companies"); Yellow Cab Association Inc., Sun Taxicab Association, Ltd., Checker Cab Association, Inc. (collectively, the "Plaintiff Cab Associations"); SuperTaxi, Inc.; and Kenneth Butler, Ahmed Jirde, and Harwinder Singh (collectively, the "Driver Plaintiffs").

1

and Defendants' Motion to Amend/Correct the Notice of Removal (ECF No. 19). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the following reasons, while Defendants' Motion to Amend/Correct the Notice of Removal (ECF No. 19) is GRANTED, Plaintiffs' Motion to Remand (ECF No. 17) is GRANTED. In sum, Plaintiffs assert only state law claims, thus this Court retains subject matter jurisdiction solely through the diversity jurisdiction of 28 U.S.C. § 1332.[2] As the Defendants do not satisfy the heavy burden of fraudulent joinder, the presence of the non-diverse Driver Defendants destroys the complete diversity requirement by 28 U.S.C. § 1332. This action is accordingly REMANDED to the Circuit Court for Baltimore City, Maryland.

## BACKGROUND

This action arises from the alleged "disruption" created by Defendant Uber in the vehicle transportation industry in Maryland. Compl. ¶ 1. Plaintiff Cab Companies, Cab Associations, and Drivers conduct business in Maryland. *Id.* ¶ 3. All but two of the Plaintiff entities are corporations organized under the laws of Maryland, with their respective principal places of business also in Maryland.[3] *Id.* ¶¶ 9-36. The Driver Plaintiffs are residents

---

[2] The present action is distinguishable from those cases against Uber in which federal court jurisdiction is based on federal question jurisdiction under 28 U.S.C. § 1331. *See, e.g., Yellow Group LLC v. Uber Technologies, Inc.*, No. 12 C 7967, 2014 WL 3396055 (N.D. Ill. July 10, 2014) (in which the plaintiffs alleged claims arising under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, and the parallel state law); *Boston Cab Dispatch, Inc., et al. v. Uber Technologies, Inc.*, Civ. A. No. 13-10769-NMG, 2014 WL 1338148 (D. Mass. Mar. 27, 2014) (in which the plaintiffs alleged violations of the Lanham Act, the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.*, and various state claims sounding in false advertising, unfair competition, and torts); and *Greenwich Taxi, Inc., et al. v. Uber Technologies, Inc., et al.*, Civ. No. 14cv733(AWT), 2015 WL 4774989 (D. Conn. Aug. 13, 2015) (in which the plaintiffs alleged violations of the Lanham Act, RICO, and state law claims of unfair competition and tortious interference with contractual relationships). As noted *supra*, the sole basis for this Court's jurisdiction is diversity jurisdiction under 28 U.S.C. § 1332.

[3] Plaintiff Super Taxi, Inc. a Delaware corporation with its principal place of business in Illinois. *Id.* ¶ 36. Super Taxi is the "parent corporation of the Plaintiff Cab Companies and Plaintiff Cab Associations, with the

of Maryland and provide transportation services as independent contractors for the Plaintiff Cab Companies. *Id.* ¶ 3.

Defendant Uber is a company that provides nationwide transportation services to users of its smartphone application ("app"). Compl. ¶¶ 41, 63. Through the app, customers request transportation from third-party providers in the form of "taxis, hiring vehicles (SUVs or sedans referred to as "Black cars"), and unregulated private cars (which Uber calls uberX)." *Id.* ¶ 41. Uber is a corporation organized under Delaware law, with its principal place of business in San Francisco, California. *Id.* The Driver Defendants are Maryland residents and licensed transportation providers for Uber. *Id.* ¶¶ 42-44.

Plaintiffs assert only state law claims against Uber and the Driver Defendants. First, Plaintiffs allege that Uber and the Driver Defendants conspired to violate the Maryland Antitrust Act, Md. Code Ann., Com. Law §§ 11-204(a)(1)-(2), 11-204(b), by illegally fixing prices and requiring its drivers to adhere to the pricing scheme. *Id.* ¶¶ 104-24. Second, Plaintiffs assert a claim of common law unfair competition stemming from Defendants' alleged failure to adhere to transportation regulations in Maryland. *Id.* ¶¶ 125-34. Third, Plaintiffs allege unfair competition under the Restatement (Second) of Torts § 874A, offering allegations identical to those of the common law unfair competition claim. *Id.* ¶¶ 135-41. Finally, Plaintiffs claim that Uber tortuously interfered with Plaintiffs' contracts and business relationships.[4] *Id.* ¶¶ 143-49. Plaintiffs seek injunctive relief and damages for all counts. *See id.* ¶¶ 104-49.

---

exception of Barwood." *Id.* Plaintiff Green Tomato Cars, D.C., LLC ("Green Tomato") is organized under the laws of the District of Columbia, with its principal place of business in Washington, D.C. *Id.* ¶ 20.
[4] Plaintiffs assert Count IV only against Uber, and not the Driver Defendants. *See id.*

Plaintiffs filed the subject action in the Circuit Court for Baltimore City on July 3, 2014, asserting state law claims sounding in antitrust, unfair competition, and tort law. *See* Notice of Removal, ECF No. 1. Defendants timely removed this action to this Court on August 28, 2014, pursuant to 28 U.C.S. §§ 1332, 1441, and 1446. *Id.* Plaintiffs then moved to remand (ECF No. 17), arguing that the presence of non-diverse parties obviates this Court's jurisdiction under 28 U.S.C. § 1332. Defendants responded to Plaintiffs' Motion (ECF No. 18), and simultaneously filed a Motion to Amend/Correct the Notice of Removal (ECF No. 19).

## ANALYSIS

### I. Defendants' Motion to Amend/Correct the Notice of Removal

Although not chronological, this Court will first consider Defendants' Motion to Amend/Correct the Notice of Removal. Defendants removed the subject action to federal court pursuant to the diversity jurisdiction of 28 U.S.C. § 1332. Plaintiffs' Complaint named three non-diverse defendants—the Driver Defendants—and one non-diverse plaintiff—Super Taxi. Defendants request permission to add the specific phrase "fraudulent joinder" to the grounds identified in the Notice Removal on which Defendants removed the present action. Defendants label this omission as merely "technical," and not a new jurisdictional allegation.

Except as otherwise provided by law, a defendant may remove a state civil action to a federal court where the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The burden of establishing federal jurisdiction is placed upon the party seeking removal, and because of the "significant federalism concerns"

4

implicated by divesting a state court of jurisdiction, removal jurisdiction is strictly construed. *Mulcahy v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir.1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). To that end, a defendant removing a state civil action to federal court must include a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446.

Generally, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. This freedom to amend, however, is not without bounds. In the context of removal, a defendant may amend the "short and plain statement" to include substantial or technical changes throughout the thirty-day time limit set forth in 28 U.S.C. § 1446. *Wood v. Crane Co.*, 764 F.3d 316, 322 (4th Cir. 2014). After the conclusion of this period, "district courts have discretion to permit amendments that correct allegations already present in the notice of removal." *Id.* at 323. An amendment that "furnish[es] new allegations of a jurisdictional basis" will not be granted after the thirty-day limit. *Id.*

Defendants' requested amendment is of the former category. In the Notice of Removal, Defendants repeatedly emphasized that, in removing the state court action under diversity jurisdiction of 28 U.S.C. § 1332, the non-diverse parties—the Driver Defendants and Plaintiff Super Taxi—are not the "real parties in interest" in the subject action. Notice of Removal, at 3. Defendants argued that Plaintiffs target Uber alone, as the Driver Defendants are not "real and substantial parties to the alleged controversy." *Id.* at 3 n.1. Moreover, Super Taxi, as merely the parent corporation of the Plaintiff Cab Companies and Cab Associations,[5] has no "interest in the State Court Action distinct from that of its

---

[5] As noted *supra*, Super Taxi is not the parent corporation of Plaintiff Barwood.

5

subsidiaries." *Id.* at 3 n.2. Without such an interest, Defendants argued that Super Taxi lacks standing and thus "is not a real party in interest." *Id.*

Although Defendants did not use the specific phrase "fraudulent joinder" in recounting the grounds for removal under diversity jurisdiction, their arguments for excluding the non-diverse parties rest on a theory of fraudulent joinder. This theory looks to whether a party is included due to its genuine interest in the action, or instead as a means to defeat diversity jurisdiction. *See Johnson v. American Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) (explaining that this doctrine "effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants . . . [and] retain jurisdiction" when those parties have no interest in the action (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999))). 28 U.S.C. § 1446 requires only a "short and plain statement," not an exhaustive analysis of the grounds for removal. Adding the label "fraudulent joinder" to describe the arguments already present in the Notice of Removal merely corrects a technical omission, rather than adding a new jurisdictional basis. Accordingly, Defendants' Motion to Amend/Correct the Notice of Removal is GRANTED.

II. **Plaintiffs' Motion to Remand**

A defendant in a state civil action may remove the case to federal court only if the federal court can exercise original jurisdiction over at least one of the asserted claims. 28 U.S.C. § 1441(a)-(c). Federal courts have original jurisdiction over two kinds of civil actions—those which are founded on a claim or right arising under the Constitution, treaties or laws of the United States, and those where the matter in controversy exceeds $75,000 and is between citizens of different States. U.S. Const. art. III, § 2; 28 U.S.C. §§ 1331, 1332(a)

(2006). If a civil action is not based on a question of federal law, then a federal court may only exercise original jurisdiction based on diversity of citizenship. The purpose of the diversity requirement "is to provide a federal forum for important disputes where state courts might favor, or be perceived as favoring, home-state litigants. The presence of parties from the same State on both sides of a case dispels this concern, eliminating a principal reason for conferring § 1332 jurisdiction over any of the claims in the action." *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 553-54 (2005). As the Supreme Court has noted, "[i]ncomplete diversity destroys original jurisdiction with respect to all claims." *Id.* at 554.

Once an action is removed to federal court, the plaintiff may file a motion to remand the case to state court if jurisdiction is defective. 28 U.S.C. § 1447(c). Federal courts are obliged to carefully scrutinize challenges to jurisdictional authority, and must "do more than simply point jurisdictional traffic in the direction of state courts." *17th Street Associates, LLP v. Markel Int'l Ins. Co. Ltd.*, 373 F. Supp. 2d 584, 592 (E.D. Va. 2005). The federal remand statute provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . ." 28 U.S.C. § 1447(d). On a motion to remand, a court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 701-02 (D.Md.1997) (citation omitted). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahy*, 29 F.3d at 151; *see also Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815-16 (4th Cir. 2004).

The "fraudulent joinder" doctrine "permits removal when a non-diverse party is (or has been) a defendant in the case." *Mayes*, 198 F.3d at 461 (citing *Poulos v. Naas Foods, Inc.*,

7

959 F.2d 69 (7th Cir. 1992); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). When a party argues that fraudulent joinder excuses the presence of non-diverse parties, he "bears a heavy burden" in refuting the plaintiff's motion to remand. *Johnson*, 781 F.3d at 704 (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999)). For the court to retain subject matter jurisdiction, the removing party "must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Id.* In other words, the burden requires a showing of either "outright fraud in the plaintiff's pleading of jurisdictional facts" or that "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (emphasis added). Under the latter showing, The plaintiff's claim at issue "need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." *Id.* at 233.

In this case, Defendants rely on the "no possibility" variety of fraudulent estoppel. As the United States Court of Appeals for the Fourth Circuit has explained, the "no possibility" standard "heavily favors the [plaintiffs], who must show only a 'glimmer of hope' of succeeding against the non-diverse defendants." *Johnson*, 781 F.3d at 704 (quoting *Mayes*, 198 F.3d at 466). Plaintiffs contend that Defendants failed to satisfy this heavy burden, as they do not eliminate the possibility that Plaintiffs may succeed against the non-diverse Driver Defendants on the applicable claims.[6] Each claim against the Driver Defendants will be addressed in turn.

---

[6] Plaintiff Super Taxi, a resident of Delaware and Illinois, is also a non-diverse party, as it shares its place of incorporation—Delaware—with Uber. As Defendants failed to eliminate any possibility that Plaintiffs' claims could succeed against the Driver Defendants, this Court need not consider the jurisdictional effects of the

### a. Count I – Maryland Antitrust Act

In Count I, Plaintiffs allege that Uber and the Driver Defendants conspired to and engaged in price-fixing and attempted monopolization, in violation of the Maryland Antitrust Act, Md. Code Ann., Com. Law §§ 11-204(a)(1)-(b), 11-204(b). This Court must thus determine whether Plaintiffs have any possibility of establishing these claims against the non-diverse Driver Defendants.

First, a claim of price-fixing under the Maryland Antitrust Act Maryland law comprises "[a] person [who] . . . by contract, combination, or conspiracy with one or more other persons, unreasonably restrain[s] trade or commerce[.]" *Id.* § 11-204(a)(1). An "unreasonable restraint of trade" includes "a contract, combination, or conspiracy that establishes a minimum price below which a retailer, wholesaler, or distributor may not sell a commodity or service[.]" *Id.* § 11-204(b). Price-fixing is thus a *per se* violation of the Maryland Antitrust Act. Second, an attempted monopolization claim targets "[a] person [who] . . . monopolize[s], attempt[s] to monopolize, or combine[s] or conspire[s] with one or more other persons to monopolize any part of the trade or commerce within the State, for the purpose of excluding competition or of controlling, fixing, or maintaining prices in trade or commerce[.]" *Id.* § 11-204(a)(2).

Plaintiffs allege that Uber, with the participation of its drivers, including the Driver Defendants, conspired to set a minimum price threshold below which the drivers may not charge. This alleged scheme facilitated Defendants' attempted monopolization of the transportation service industry in Baltimore and Montgomery County. Plaintiffs allegedly

---

non-diverse Super Taxi. The presence of the non-diverse Driver Defendants is sufficient to deny this Court of subject matter jurisdiction under 28 U.S.C. § 1332.

suffered direct losses of profits and customers due to Uber and the Driver Defendants' antitrust actions. Even if Uber was the driving force behind the alleged scheme, the Driver Defendants are alleged to be participants and co-conspirators within the ambit of the Maryland Antitrust Act.

Defendants contend that Plaintiff must show more to establish an antitrust injury, yet their argument demands more particularity than that required on a motion to remand. The Maryland Antitrust Act requires a showing of injury "result[ing] from [Defendants'] violation of the antitrust laws," but Plaintiffs must show only the *possibility* of that injury to defeat a theory of fraudulent joinder. They need not show that they will succeed, nor even that their success is plausible. *Johnson*, 781 F.3d at 704 (noting that the "glimmer of hope" standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." (quoting *Mayes*, 198 F.3d at 466 (internal citation omitted))). Rather, they need show only a "glimmer of hope" that their price-fixing claim will succeed. Plaintiffs' allegations are sufficient to establish that "glimmer," thus this Court may not disregard the citizenship of the non-diverse Driver Defendants.

    **b. Count II – Unfair Competition**

In Count II, Plaintiffs allege that Uber and the Driver Defendants engaged in unfair competition, in violation of Maryland common law. Under Maryland law, "[w]hat constitutes unfair competition in a given case is governed by its own particular facts and circumstances." *Baltimore Bedding Corp. v. Moses*, 34 A.2d 338, 342 (Md. 1943). The doctrine of unfair competition prevents "damaging or jeopardizing another's business by fraud, deceit, trickery or unfair methods of any sort." *Id.* Although this doctrine originally applied only to "trade

mark cases," Maryland courts have "extend[ed] the scope of the law to all cases of unfair competition in the field of business." *Id.*

Plaintiffs contend that Uber and the Driver Defendants conspired to refuse to adhere to the laws and regulations governing transportation services. For example, Defendants allegedly use rates that have not received regulatory approval, fail to maintain insurance at regulatory-minimum levels, and employ PSC-licensed[7] and non-licensed drivers alike. Compl. ¶¶ 92-93. Plaintiffs, however, allege that they *do* adhere to the specified regulations and laws, and incur significant expenses in pursuit of compliance. Defendants do not incur these expenses, thereby allegedly granting them with a substantial competitive advantage over the Plaintiffs.

Although Defendants argue that fraud or deceit are necessary to an unfair competition claim, Maryland does not impose such a requirement. The umbrella term, "unfair methods," captures those practices not easily grouped under the headings of fraud or deceit. *See Baltimore Bedding Corp.*, 34 A.2d at 342. Given the expansive scope of unfair competition, Plaintiffs have demonstrated the possibility that they could succeed on this claim against the Driver Defendants. Plaintiffs compete with Uber and the Driver Defendants for customers, yet only the Plaintiffs expend capital to comply with certain laws and regulations. Plaintiffs' business is thus "damag[ed] or jeapordiz[ed]" by the Driver Defendants' allegedly "unfair methods." At the present stage, it is not within the scope of this Court's inquiry to determine whether Defendants' intentional noncompliance was truly "unfair." It is sufficient for Plaintiffs to identify certain "unfair" practices by the Driver

---

[7] The Maryland Public Service Commission regulates, *inter alia*, certain passenger transportation companies. Maryland Public Service Commission, http://www.psc.state.md.us/ (last visited Aug. 19, 2015).

Defendants (and Uber) that allegedly damaged Plaintiffs' business. Plaintiffs have thus demonstrated a possibility of success on their claim of unfair competition.

### c. Count III – Restatement (Second) of Torts § 874A

Count III rests upon allegations identical to those of Count II, but arises under the Restatement (Second) of Torts § 874A. This section creates tort liability for the violation of a legislative provision, providing:

> When a legislative provision protects a class of persons by proscribing or requiring certain conduct but does not provide a civil remedy for violation, the court may, if it determines that the remedy is appropriate in furtherance of the purpose of the legislation and needed to assure the effectiveness of the provision, accord to an injured member of the class a right of action, using a suitable existing tort action or a new cause of action analogous to an existing tort action.

Restatement (Second) of Torts § 874A. Maryland has not yet adopted Section 874A, and thus has not yet created a private right of action for legislative violations.

Yet, Maryland's failure to recognize this variety of tort liability does not extinguish the "glimmer of hope" of Plaintiffs' claim. In their Complaint, Plaintiffs contend that the laws and regulations ignored by the Defendants serve to "ensure reasonable prices and service for all customers regardless of income level" and "allow fair competition between transportation companies." Compl. ¶ 139. Plaintiffs, as alleged members of the class protected by the specified laws and regulations, satisfy the requirements of Section 874A. Upon the return of this action to state court, that court, or its superiors, may recognize tort liability for Uber and the Driver Defendants' noncompliance. The adoption of Section 874A is a matter for the Maryland courts to decide, and not this Court. As a Maryland court may

allow a private right of action against the Driver Defendants, they have failed to eliminate Plaintiffs' possibility of success on Count III.

## CONCLUSION

For the reasons stated above, while Defendants' Motion to Amend/Correct the Notice of Removal (ECF No. 19) is GRANTED, Plaintiffs' Motion to Remand (ECF No. 17) is GRANTED. In sum, Plaintiffs assert only state law claims, thus this Court retains subject matter jurisdiction solely through the diversity jurisdiction of 28 U.S.C. § 1332. As the Defendants do not satisfy the heavy burden of fraudulent joinder, the presence of the non-diverse Driver Defendants destroys the complete diversity requirement by 28 U.S.C. § 1332. This action is accordingly REMANDED to the Circuit Court for Baltimore City, Maryland.

A separate Order follows.


Dated:        August 19, 2015            ____/s/_____
                                         Richard D. Bennett
                                         United States District Judge